Naomi M. SPICER, Plaintiff–
Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.

No. 15–2395

United States Court of Appeals,
Sixth Circuit.

FILED June 09, 2016

James Richard Rinck, Law Office, Grand Rapids, MI, for Plaintiff–Appellant.

Molly E. Carter, Social Security Administration, Office of General Counsel, Region I, Boston, MA, Michael L. Shiparski, Office of the U.S. Attorney, Grand Rapids, MI, for Defendant–Appellee.

BEFORE: KEITH, COOK, and STRANCH, Circuit Judges.

PER CURIAM.

Naomi M. Spicer appeals the district court's order affirming the denial of her application for disability insurance benefits.

In 2007, Spicer filed an application for disability insurance benefits, alleging that she became disabled on January 5, 2006. After the Social Security Administration denied the application, Spicer requested a hearing before an administrative law judge (ALJ). The ALJ denied Spicer relief. The Appeals Council remanded the case for consideration of new medical opinion evidence. The case was assigned to a different ALJ, who conducted a second hearing and again denied Spicer relief. The Appeals Council declined to review the case. The district court affirmed the denial of Spicer's application.

On appeal, Spicer argues that the ALJ erred by failing to properly weigh the medical opinion evidence and by relying on testimony from a vocational expert that was given in response to an incomplete hypothetical question. "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Substantial evidence exists if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). "[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Callahan*, 109 F.3d at 273). We review de novo the district court's conclusions on each issue. *Id.* (citing *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005)).

■ Spicer first argues that the ALJ erred by giving little weight to the medical opinion of her treating physician, Dr. Stephen Dallas, and by crediting the opinion of Dr. David Carr, who examined Spicer in January 2006 and subsequently reviewed her medical records on two occasions, most recently in May 2007. Dr. Dallas concluded that Spicer was unable to perform any meaningful work because her physical impairments significantly limited her ability to sit, stand, walk, lift, carry, and perform repetitive actions with her upper extremities. When asked for the objective medical evidence to support these findings, however, Dr. Dallas referred only to the diagnoses themselves, explaining that his conclusions were based on Spicer's personal reports of disabling pain and the fact that she has a significant decrease in dexterity and axial and truncal stability. In contrast, Dr. Carr concluded that Spicer retained some capacity to work. Based on his own examination of Spicer in 2006 and review of her medical records, Dr. Carr could not identify any physical ailment capable of supporting her reports of disabling pain.

A medical opinion from a treating source must be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques," and "is not inconsistent with other substantial evidence in [the] case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d

365, 376 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2)). An ALJ must provide "good reasons" for discounting the opinion of a treating source. *Id.* The stated reasons must be supported by the evidence in the record and sufficiently specific to make clear to subsequent reviewers the weight the ALJ gave to the opinion and the reasons for that weight. *Id.* If a treating-source opinion is not given controlling weight, the ALJ must weigh all of the medical opinions based on all relevant factors, including the nature of the treatment relationship, the specialization of the medical source, and the consistency and supportability of the opinion. *Id.*

Substantial evidence supports the ALJ's weighing of the medical opinions at issue. The ALJ reasonably discounted Dr. Dallas's opinion because it was based primarily on Spicer's subjective reports of pain rather than on objective medical data, and the objective evidence in the record, while indicating that Spicer had some physical impairments, did not show any abnormality that would cause debilitating pain or that Spicer otherwise had severe functional limitations. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997) (noting that a treating physician's failure to support his opinions by "detailed, clinical, diagnostic evidence … would be a sufficiently valid reason not to accept the opinions"); *Stiltner v. Comm'r of Soc. Sec.*, 244 Fed.Appx. 685, 689 (6th Cir. 2007) (concluding that the ALJ properly discounted the opinion of treating physician where opinion was unaccompanied by "objective medical evidence"). The record did not substantiate many of the restrictions Dr. Dallas noted—including his assertion that Spicer could not reach, push, pull, or manipulate objects with her upper extremities or stand for more than two hours or sit for more than six hours per eight-hour work day. Although Dr. Dallas was Spicer's treating physician, the ALJ found his opinion to be both unsupported by objective evidence and inconsistent with the record as a whole, and discounted it accordingly. *Gayheart*, 710 F.3d at 376; *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 660–61 (6th Cir. 2009) (finding that the ALJ properly rejected treating physician's opinion that was not supported by medical records and inconsistent with the objective medical evidence of record).

It was also reasonable for the ALJ to credit Dr. Carr's opinion that Spicer retained the capacity to work because the opinion was consistent with the objective medical evidence in the record. *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). Dr. Carr examined Spicer once in 2006 and reviewed her medical records on two other occasions and could find no physical abnormalities that would produce the kind of disabling pain that Spicer reported and that Dr. Dallas relied upon in finding her disabled. "An administrative law judge may give more weight to the opinions of examining or consultative sources where the treating physician's opinion is not well-supported by the objective medical records." *Dyer v. Soc. Sec. Admin.*, 568 Fed.Appx. 422, 428 (6th Cir. 2014) (citing *Gayheart*, 710 F.3d at 376, 379–80).

Spicer faults the ALJ for assigning significant weight to Dr. Carr's opinion because he personally examined Spicer only once, did not consult Dr. Dallas's opinion in forming his own, and conducted his most recent review in 2007. But an ALJ may rely on the opinion of a consulting or examining physician who did not have the opportunity to review later-submitted medical records if there is "some indication that the ALJ at least considered these facts" before assigning greater weight to

an opinion that is not based on the full record. *Blakley*, 581 F.3d at 409. Here, the ALJ recounted the medical evidence that entered the record after Dr. Carr gave his opinion and explained why it gave greater weight to Dr. Carr's opinion despite it predating that evidence. Because a reasonable mind could conclude that the ALJ's determination is adequately supported by the record evidence, it falls within the "zone of choice" afforded to the Social Security Commissioner and should be affirmed. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

█ Spicer also argues that the ALJ erred by relying on a vocational expert's testimony that Spicer had the functional capacity to perform several jobs because the testimony was given in response to a hypothetical question that did not incorporate all of Spicer's functional impairments. There was no error, however, because the ALJ's hypothetical question incorporated all of the functional limitations that he found to be credible. *See, e.g., Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.") (citing *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927–28 (6th Cir. 1987)).

Accordingly, we **AFFIRM** the order of the district court.