NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0405n.06

No. 16-3560

**FILED**
Jul 13, 2017
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOHN J. MONTECALVO, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, GILMAN, and McKEAGUE, Circuit Judges.

SUHRHEINRICH, Circuit Judge. Plaintiff-Appellant John Montecalvo appeals the district court's judgment affirming the Commissioner's denial of Social Security disability insurance benefits. The district court had jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. §§ 405(g) and 1383(c)(3). We affirm.

**I.**

Plaintiff applied for disability insurance benefits (DIB) on January 10, 2011, alleging disability beginning March 3, 2007 when he was forty-one years old. He has a high school diploma. He served in the Gulf War from January 1991 until May 15, 1991. From 1994 until March 2007, he worked as an assembly-line worker and forklift operator at Delphi Packard Electric in Warren, Ohio. He stopped working on March 3, 2007 when the company filed for

bankruptcy and he accepted a buyout. He also receives a 60% disability from the Veterans Administration for peptic ulcer disease.

Plaintiff alleged disability due to depression, anxiety, post-traumatic stress disorder (PTSD), stomach problems, bowel problems, stress, concentration problems, respiratory issues, and pain all over his body. R. 13, ID# 211, 236. Plaintiff requested and received a hearing. Applying the five-step sequential analysis detailed at 20 C.F.R. § 404.1520, the administrative law judge (ALJ) concluded that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ found that Plaintiff had severe impairments of gastritis, peptic ulcer, irritable bowel syndrome (IBS), lumbar degenerative disc disease, adjustment disorder and post-traumatic stress disorder, but did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Pt. 404, subpt. P, app. 1, 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. R. 13, ID# 72-85. The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a limited range of light work, based on the vocational expert's (VE) testimony that a person with Plaintiff's limitations would be able to perform work available in significant numbers in the national economy, including housekeeping cleaner, commercial cleaner, and hand packager. The ALJ concluded that Plaintiff was not under a disability under the Act and not entitled to benefits. The ALJ's decision became the final determination of the Commissioner when the Appeals Council denied Plaintiff's request to review the ALJ's decision.

Plaintiff sought judicial review of the Commissioner's decision. He filed a motion to supplement the record, R. 15, which included his affidavit about his military service and pertinent medical records, along with exhibits, R. 15-1, ID# 1054-91, and a copy of a decision of the Department of Veteran Affairs granting him a 60% disability for peptic ulcer, R. 15-2, ID#

1092-98. The district court granted the motion to supplement. Plaintiff then filed a motion to remand pursuant to "sentence six" of § 405(g), based on the following items: (1) a January 20, 2015 study by Baylor University linking Gulf War Illness and a veteran's gene markers; (2) a September 22, 2014 Gulf War Research Advisory Committee's Report on Gulf War Illness; (3) Social Security Ruling (SSR) 14-1p, "Titles II and XVI: Evaluating cases Involving Chronic Fatigue Syndrome," effective April 3, 2014, replacing SSR 99-2p; and (4) the May 9, 2013 Department of Veterans Affairs Disability Rating Decision.[1]

The magistrate judge recommended that the court deny Plaintiff's motion to remand and affirm the Commissioner's decision that Plaintiff is not disabled. Plaintiff filed objections to the magistrate's report and recommendation. The district court overruled Plaintiff's objections, adopted the magistrate's report, and affirmed the Commissioner's decision. Specifically, the district court found that none of the evidence submitted by Plaintiff met the materiality requirement for a sentence-six remand—that is, Plaintiff did not show that there was a reasonable probability that the Commissioner would have reached a different disposition of his disability claim had the ALJ been presented with new evidence or reviewed the claim pursuant to SSR 14-1p.

## II.

This court reviews a district court's decision in a social security case de novo. *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence" means "such relevant evidence as a reasonable mind

---

[1] Plaintiff does not ask this court to consider the disability rating decision on appeal, or otherwise address the fifth ground listed in his motion for remand. *See* R. 16, ID# 1101.

might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). We are limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Under the Social Security Act, "disability" is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 404.1505. The claimant bears the burden of proving that he has an impairment that is expected to result in death or last continuously for a year and that is so severe that it prevents him from performing any work. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. § 404.1512(a). This burden includes supplying medical evidence that substantiates the claim of disability. *See* 20 C.F.R. § 404.1512(a); *Bowen v. Yuckert*, 482 U.S. 137, 146 & n.5 (1987); *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008). The well-established five-step sequential analysis found in 20 C.F.R. § 404.1520 applies. First, the Commissioner determines whether the claimant is performing substantial gainful activity. If not, the Commissioner next decides whether the claimant has any severe impairments. If so, the Commissioner proceeds to step three, and determines whether any of these severe impairments, singly or in combination, meets or medically equals an impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1 or 20 C.F.R. § 404.1520(a)(4)(iii). If not, the Commissioner considers at step four the claimant's RFC and whether the claimant can perform past relevant work. If the answer is yes, the Commissioner must decide if there exists any other work the claimant can perform,

based on the claimant's RFC, age, education and work experience. 20 C.F.R. § 404.1520(a)(4)(i)-(v).

Plaintiff presents three issues on appeal: (1) Whether substantial evidence supports the ALJ's determination at step two of the sequential evaluation process; (2) whether remand is required for consideration of Plaintiff's claim pursuant to SSR 14-1p; and (3) whether remand is required pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of documents submitted to the district court. We address each in turn.

A.

First, Plaintiff claims that the ALJ erred at step two of the sequential-evaluation process because he failed to consider whether Plaintiff's chronic fatigue syndrome (CFS) was a severe impairment. But, as the Commissioner points out, Plaintiff did not make this argument in the district court—not in his motion to remand, *see* R. 16, ID# 1099-1115[2], not in his motion to supplement the record, *see* R. 15, ID# 1044-53, and not in his objections to the magistrate's report and recommendation, *see* R. 19, ID# 1162-68. Plaintiff did not complain about the ALJ's consideration of the evidence at the hearing level, or request remand based on the ALJ's evaluation of the evidence before him, as the magistrate judge expressly noted in his report and recommendation. *See* R. 18, ID# 1158. Thus, this argument is forfeited. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513 (6th Cir. 2010) (declining to review arguments presented for the first time on appeal); *see also Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) (failing to object to magistrate's report and recommendation precludes review on appeal).

---

[2] In the memorandum in support of his motion to remand, Plaintiff asserts merely that his "doctor's diagnosis of chronic fatigue syndrome" and other ailments "remain uncontradicted on the record," R. 16, ID# 1101.

Even if it had been preserved for review, it would fail because the ALJ's determination at step two was supported by substantial evidence. In his 2011 application, Plaintiff did not allege that CFS was among the impairments that caused him to be disabled. *See* R. 13, ID# 236. The record does not contain any treatment records for CFS, nor any opinions regarding any limitations from CFS. Nonetheless, the ALJ questioned Plaintiff about his claims of fatigue at the hearing, *see* R. 13, ID# 106-08, and addressed the claims in his decision, *see* R. 13, ID# 72-85. The ALJ specifically noted that Plaintiff's treating physician, Dr. Ramamurthy Alam, M.D., indicated that Plaintiff was diagnosed with IBS that would flare up and cause fatigue. R. 13, ID# 78. The ALJ also noted Plaintiff's pain-report claim that he had stomach pain and fatigue due to flare-ups from his ulcer and IBS and that he sometimes needed to go to the bathroom seven times a day, causing fatigue. R. 13, ID# 77. The ALJ acknowledged that Plaintiff's consultative-examination report reflected Plaintiff's complaint that he slept too much. R. 13, ID# 82.

Nevertheless, as the ALJ found, there is no record evidence establishing that Plaintiff told his doctors about his chronic fatigue. In fact, as the ALJ found, treatment revealed that Plaintiff was very active—playing basketball, exercising three to four hours a day, lifting weights, staining a house, taking trips to Tennessee and North Carolina, and performing the normal activities of daily living. *See* R. 13, ID# 81, 393, 396, 400, 406, 461-65, 472, 503, 873, 897-900, 936-38, 986. Plaintiff relies on two letters from Dr. Alam, dated April 2008 and June 2013, R. 13, ID# 336, 1041, which indicate Dr. Alam's belief that Plaintiff has IBS, gastroesophageal reflux disease [GERD], and CFS.[3] Plaintiff claims that the letter required the ALJ to consider whether CFS was a severe impairment. But Dr. Alam's treatment notes do not indicate that Plaintiff has CFS. Although Plaintiff complained of tiredness in March 2006 (prior to his alleged

---

[3] On November 1, 2010, Dr. Alam issued another "To Whom It May Concern" letter that listed Plaintiff's impairments at "recurrent IBS and depression as a result of PTSS" but not CFS. R. 13, ID# 335.

onset date and while he was still working), Dr. Alam diagnosed anxiety and prescribed Lexapro. R. 13, ID# 855. In any event, the letters are not medical opinions because they do not discuss functional limitations, *see* 20 C.F.R. § 404.1527(a)(2), and are therefore not entitled to deference by the ALJ, *see Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 n.3 (6th Cir. 2009) (noting that statements that do not address the specific extent of limitations "appear to be outside the scope of 'medical opinions' as defined in 20 C.F.R. § 404.1527(a)(2)").

The cases Plaintiff cites in support are distinguishable. In *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1219-20 (11th Cir. 2001), and *Rose v. Shalala*, 34 F.3d 13, 15-18 (1st Cir. 1994), there was credible record evidence of functional limitations related to CFS that the ALJ failed to include in hypothetical examples to the VE. *Jockish v. Colvin*, No. 5:15-CV-05011-KES, 2016 WL 1181680 (D. S.D. Mar. 25, 2016), is distinguishable because, unlike Plaintiff, the claimant was pro se, alleged CFS in his application for benefits, and his physicians constantly diagnosed and treated him for CFS. The claimant in *Wellenstein v. Colvin*, No. C 14-4043-MWB, 2015 WL 5734438 (N.D. Iowa Sept. 30, 2015), was also pro se, and the record contained evidence that a medical doctor had diagnosed the claimant with CFS, which the ALJ ignored. *See id.* at *7-9 (noting that treating doctor's letter stated that the claimant had been diagnosed with CFS by a prior provider). Furthermore, the "bulk" of the claimant's testimony in that case was that she could not work because she slept too much. *Id.* at *8-9. Thus, the district court remanded to the ALJ for further development of the record regarding the claimant's CFS. *Id.* at *9. In this case, the ALJ questioned Plaintiff about his fatigue at the hearing and discussed the evidence of fatigue in his decision. R. 13, ID# 77-79, 82, 106-07.

Finally, contrary to Plaintiff's argument, the ALJ was not required to incorporate limitations related to CFS into the hypothetical examples posted to the VE because the ALJ did

not credit Plaintiff's claims that he suffered work-related limitations due to fatigue. *See Spicer v. Comm'r of Soc. Sec.*, 651 F. App'x 491, 494 (6th Cir. 2016) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact."); *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1235 (6th Cir. 1993) (per curiam) (same).

B.

Second, Plaintiff argues that his case must be remanded for consideration under SSR 14-1p: Evaluating Cases Involving Chronic Fatigue Syndrome. SSR 14-1p became effective April 2, 2014, replacing SSR 99-2p. *See* SSR 14-1p, 79 Fed. Reg. 18752 (Apr. 3, 2014).[4] Plaintiff asserts that the SSR 14-1p "no longer requires claimants to show medically determinable proof of the Chronic Fatigue Syndrome impairment" because "the traditional MDI proof requirement is illusive in" CFS. Appellant's Br. at 29-30, ID# 34-35.

This is not a correct reading of SSR 14-1p, which "clarifies [SSA's] policy on how we develop evidence to establish that a person has a medically determinable impairment (MDI) of CFS and how we evaluate this impairment in disability claims . . . ." None of the passages Plaintiff cites in support of his argument demonstrate the policy change posited by Plaintiff. Instead, much of the language simply reworks the text of SSR 99-2p, as the Commissioner illustrates in his appellate brief at page 37. Importantly, the new regulation still requires that CFS be established by "appropriate medical signs or laboratory findings." Plaintiff quotes the following passage in support: "We will find that a person has an MDI of CFS if a licensed physician diagnosed CFS, and this diagnosis is not inconsistent with the other evidence in the

---

[4] Clarifying regulations are retroactive. *See Pope v. Shalala*, 998 F.2d 473, 482–86 (7th Cir. 1993), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999).

person's case record." That sentence must be read and understood in the context of its surroundings:

> A. General.
>
> 1. A person can establish that he or she has an MDI of CFS by providing appropriate evidence from an acceptable medical source. A licensed physician (a medical or osteopathic doctor) is the only acceptable medical source who can provide such evidence. *We cannot rely upon the physician's diagnosis alone. The evidence must document that the physician reviewed the person's medical history and conducted a physical exam. We will review the physician's treatment notes to see if they are consistent with the diagnosis of CFS . . . .*
>
> 2. We will find that a person has an MDI of CFS if a licensed physician diagnosed CFS, and this diagnosis is not inconsistent with the other evidence in the person's case record. Under the CDC case definition, a physician can make the diagnosis of CFS based on a person's reported symptoms alone after ruling out other possible causes for the person's symptoms. However, as mentioned, statutory and regulatory provisions require that, for evaluation of claims of disability under the Act, *there must also be medical signs or laboratory findings before we may find that a person has an MDI of CFS*. If we cannot find that the person has an MDI of CFS but there is evidence of another MDI, we will not evaluate the impairment under this SSR. Instead, we will evaluate it under the rules that apply for that impairment.

SSR 14-1p (emphases added; footnotes omitted).

Dr. Alam's opinion and Plaintiff's subjective complaints do not meet this standard. Dr. Alam did not provide a medical opinion regarding Plaintiff's CFS, did not address the severity of Plaintiff's alleged CFS, did not indicate any limitations due to CFS, and did not discuss any clinical findings establishing CFS. His treatment notes do not provide any insight into the nature, severity, or resulting limitations either. For the same reasons stated above, *Jockish* does not help his argument. In short, Plaintiff has failed to provide support for his claim that consideration under SSR 14-1p would likely change the outcome of his claim.

C.

Third, Plaintiff argues that he is entitled to a "sentence six" remand under § 405(g). *See* 42 U.S.C. § 405(g) ("The court . . . may at any time order additional evidence to be taken before the Commissioner . . . , but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .".). To obtain a remand, the claimant must show that the evidence is "new," "material," and that there was good cause for failure to present it at the hearing. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010). Only "materiality" is at issue here. To demonstrate materiality, Plaintiff must show that "there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of HHS*, 865 F.2d 709, 711 (6th Cir. 1988).

Plaintiff claims that the following evidence requires the remand: (1) a January 20, 2015 Baylor University study finding a link between Gulf War illness and gene markers, (2) a September 22, 2014 Research Advisory Committee report on Gulf War Veterans' Illness study, entitled "Health of Gulf War Veterans: Research Update and Recommendations," (3) an affidavit from Plaintiff about his military service, and (4) medical records dated 1992 to 1999 allegedly maintained by Plaintiff's employer, Delphi Packard Electric.

As the district court found, Plaintiff failed to demonstrate how any of these documents are material to his claim. Regarding the Baylor University study, he failed to explain how the study was relevant to his gene markers. He also failed to explain how the Research Advisory Committee study bears on his disability claim. And he has never been diagnosed with Gulf War illness. In short, he does not explain how the articles affect the ALJ's findings.

Plaintiff asserts that the lower court "missed the point" of the Baylor study, "which was to show that now there is empirical proof that those affected from exposure to toxic war chemicals from the Gulf War are indeed physically ill, and their peculiar illness is now connected to their own individual genetic makeup." Appellant's Br. at 29. But this evidence does not relate to Plaintiff personally, so it could not possibly have changed the result of the administrative proceeding. This is still true under SSR 14-1p, which retains the requirement that a claimant demonstrate CFS by medical evidence consisting of medical signs, symptoms, and laboratory findings. Plaintiff fails to reference medical records to support his position, and fails to explain how the new SSR ruling standard would have affected the assessment of the severity of his symptoms, or imposed additional limitations on his ability to perform work. His subjective claims are not sufficient under the new standard and do not require a remand. In short, none of the documents meet the requirements for a sentence-six remand.

**III.**

For the foregoing reasons, the district court's judgment is AFFIRMED.